IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-CV-275-WKW-WC |
| | ) | [WO] |
| JUDGE BINFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Raymond Mathis, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against Judge Binford and attorneys B. Shaun McGhee, Thomas Smith, and Matthew Lamere.  Mathis alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were or are being abridged by the conduct and actions of Defendants regarding his state criminal court proceedings before the Circuit Court for Houston County, Alabama. Besides seeking damages for the alleged constitutional violations about which he complains, Mathis also requests that Judge Binford be removed as presiding judge over his pending criminal cases, a copy of the transcript from his 2008 trial, and a copy of his Rule 32 proceeding.  Doc. 1.  Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. STANDARD OF REVIEW

Because Mathis is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

### A.    Judge Binford

#### 1.    *Damages*

Mathis complains that Judge Binford has failed to: (1) release him under an order of Governor Ivey regarding COVID-19 directing the release of qualified non-violent inmates; (2) remove his court date; and (3) indict him. Mathis also claims Judge Binford froze his bond. Finally, Mathis alleges Judge Binford discriminated against him in the past by subjecting him to an illegal sentence in 2008 on his conviction for third degree burglary. Doc. 1 at 2–3.

Assuming none of allegations made by Mathis against Judge Binford are barred by the statute of limitations, they entitle him to no relief. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (The proper statute of limitations for § 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Mathis' claims against Judge Binford provide no basis for relief as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996).

Thus, a state court judge is entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Further, to the extent Mathis seeks damages from the judicial defendant in his official capacity, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against Judge Binford in his individual capacity, he is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, *Stump* established a two-part test: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1084–85 (citing *Stump*, 435 U.S. at 357, 362); *Jenkins*, 150 F. App'x at 990. For judicial immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc). Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles*, 502 U.S. 9; *Hyland v. Kolhage*, 267 F. App'x 836, 840–841 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction, he was entitled to absolute judicial immunity.").

Mathis complains about actions taken by Judge Binford in his judicial capacity, and his allegations against Judge Binford do not compel the conclusion this defendant acted in the clear

absence of jurisdiction.  Accordingly, Mathis' claims for monetary damages against Judge Binford are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i-iii). *See Neitzke*, 490 U.S. at 327.

   2.  *Declaratory or Injunctive Relief*

      a**.**  Non-Final Orders. Mathis's allegations against Judge Binford concern rulings or decisions made in his judicial capacity during state court criminal proceedings over which he had jurisdiction. To the extent Mathis seeks relief from adverse decisions issued by Judge Binford not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law.  *Bolin*, 225 F.3d at 1242 (holding that "[i]n order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Mathis could appeal orders issued by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Mathis to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case."  *Id*. at 1243.

      b. Final Orders.  To the extent Mathis challenges the constitutionality of orders issued by Judge Binford which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Mathis from proceeding before this court as this case, regarding any claims challenging final orders issued by

a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (finding federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Mathis's request for injunctive or declaratory relief regarding actions undertaken by Judge Binford during matters related to Mathis's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark*, 915 F.2d 636; *see also Neitzke*, 490 U.S. 319.

**B.      Attorneys B. Shaun McGhee,  Thomas Smith, and Matthew Lamere**

Plaintiff names attorneys B. Shaun, McGhee, Thomas Smith, and Matthew Lamere as defendants. He alleges the existence of a conflict of interest based on their current representation of him in his pending criminal proceedings because he fired them from representing him in past cases and previously filed complaints against them. Doc. 1 at 3.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527

(1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Court-appointed, criminal defense counsel is viewed as carrying out the traditional functions of a lawyer representing a criminal defendant, which previously was a private function fulfilled by retained counsel. *Dodson*, 454 U.S. at 319, 325. "Except for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id.* at 318. Based on the allegations in the complaint, Defendants McGhee, Smith, and Lamere are not state actors. Mathis has, therefore, failed to state a claim against them under § 1983 and they are due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Neitzke*, 490 U.S. at 327.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 18, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of May, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE